IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEALTH MONITORING SERVICES OF ) <br> AMERICA, INC.,MEDICAL MARKETING ) <br> CONSULTANTS, LLC, a Florida ) <br> limited liability company, ) <br> MARTIN PRAEGER, and ) <br> MARK SCHERMER, ) <br>    ) <br>    ) <br>            Plaintiffs, ) <br>    ) <br>        v. ) <br>    ) <br>    ) <br> CARDIAC TELECOM CORPORATION, ) <br> a Pennsylvania Corporation, ) <br> and LEE EHRLICHMAN, ) <br>    ) <br>    ) <br>            Defendants. ) | Civ. Action No. 06-0018 <br><br> Judge Donetta W. Ambrose <br> Magistrate Judge Caiazza |

**MEMORANDUM AND ORDER**

**MEMORANDUM**

On June 1, 2007, Robert J. Williams, Keith E. Whitson, and the law firm of Harrison Schnader Segal and Lewis, LLP (collectively "Schnader"), filed a Motion to Withdraw as Attorney (Doc. 23) for Cardiac Telecom Corp., and Lee Ehrlichman (collectively "the Defendants"). Schnader stated that although the Defendants agreed to pay for legal services rendered by Schnader in this matter, they have not done so. As of the date of the motion, accrued fees in this case, and in the related matter docketed at Civ. Action No. 06-0274, amounted to more than $125,000. According to Schnader, the Defendants are "unable" to make even partial payments on the amount due.

Schnader informed the court that the Defendants have been notified repeatedly that failure to make payment would result in Schnader's seeking to withdraw as counsel in these matters as continuing to represent the Defendants without payment places an undue financial burden on the attorneys. Payment was not forthcoming.

Schnader points out that because the matters before the court are in the pleading stage, the Defendants will not suffer prejudice if the request for withdrawal is granted, and asks that the Defendants be given sixty days in which to secure alternative representation.

On June 5, 2007, the Magistrate Judge entered a text Order denying, without explanation, the Motion to Withdraw.  On June 15, 2007, Schnader filed Objections to this Order (Doc. 25). These Objections essentially reiterate the arguments made in the Motion, citing case law supporting the proposition that attorneys should be permitted to withdraw where their clients are unable to pay legal fees. Schnader further notes that the attorney for the Plaintiffs has orally indicated that he has no objection to Schnader's withdrawal.

The court has reviewed the Motion, the Objection to the Order, and the relevant case law. Where it is demonstrated that the client is indeed unable to pay accrued legal fees, courts have regularly permitted counsel to withdraw.  "A law firm can withdraw from representing a corporation even before the corporation retains new counsel when the withdrawing firm 'serves no meaningful purpose.'"

Buschmeier v. G & G Investments, Inc., No. 05-4839, 2007 WL 186528, *3 (3d Cir. Jan. 25, 2007)(quoting Ohntrup v. Firearms Ctr., Inc. 802 F.2d 676, 680 (3d Cir. 1986)).

In determining whether a firm serves a "meaningful purpose", courts must consider the burden imposed on counsel seeking withdrawal if the status quo is maintained, the stage of the proceedings, and the prejudice to other parties. Id. (citing favorably the analysis of the Court in Fidelity Nat'l Title Ins. Co. Of New York v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537 (7th Cir. 2002) and recognizing that same factors were implicit in Ohntrup).

The circumstances set out in Schnader's Motion suggest that the firm no longer serves a meaningful purpose in these related matters, and that counsel should be permitted to withdraw. What is not clear, however, is whether the Defendants actually lack the ability to pay the fees accrued, or whether they have simply refused to pay. A review of the dockets indicates that, until relatively recently, the Defendants participated in settlement negotiations, and that the parties reached a settlement which was ultimately rejected by the Cardiac Telecom Board of Directors. Whether that rejection was based on the financial wherewithal of the corporation or on other factors is not clear. The Court has nothing before it to document Schnader's assertion that the Defendants are *unable* to pay their legal fees.

Where the financial status of a client is unclear, courts considering motions to withdraw have taken steps to clarify that status. *See* Commonwealth v. Dodge, 850 A.2d 1266 (Pa.Super

2004)(ordering evidentiary hearing in context of motion to withdraw as counsel in criminal matter to determine whether defendant was actually indigent); Reynolds v. Driscoll Machinery, Inc., Civ. Nos. 89-3536, 91-2766, 1991 WL 175467 *1 (E.D. Pa. Sept. 4, 1991) (granting motion to withdraw where party "has *demonstrated* an inability to pay")(emphasis added). The court is convinced that an evidentiary hearing as to the financial status of the Defendants should precede a decision on the Motion to Withdraw.

### ORDER

**IT IS HEREBY ORDERED THAT**:

The parties to this matter attend an evidentiary hearing before Magistrate Judge Caiazza on Tuesday, June 26, 2007 at 9:00 a.m. Defendant Cardiac Telecom, Inc. is directed to present evidence demonstrating that, as a corporate entity, it is financially incapable of paying the legal fees assessed to date by Schnader. This evidence is not to be restricted to a financial analysis of the profitability of assets purchased from Health Monitoring Services of America, but is to be directed to the assets and liabilities of Cardiac Telecom's entire corporate operation.

**SO ORDERED** this 20th day of June, 2007.

*Donetta F. Ambrose*
Donetta W. Ambrose
U.S. District Court Judge

cc:

All Counsel of Record

Via Electronic Mail